ULLERY, &c.
vs
COMMONWEALTH

---

## Ullery, &c. *vs* Commonwealth.

ERROR TO THE BATH CIRCUIT.

*Sci. fa. Bail.*

JUDGE SIMPSON delivered the opinion of the Court.

THIS is a *scire facias* on a recognizance executed before two Justices of the peace, by David Ullery, on a charge of murder.

A demurrer having been filed by the defendants, and overruled, a judgment was rendered in favor of the Commonwealth for the amount of the recognizance.

SCI. FA.

*Case* 2.

*December* 7.

Case stated.

Ullery, &c.
vs
Commonwealth

Upon a sci. fa.
on a recogni-
zance in a crim-
inal case, it is
most appropri-
ate to alledge the
failure to com-
ply with the con-
dition of the re-
cognizance to be
"against the
peace and digni-
nity of the Com-
monwealth," im-
mediately after
alledging the
breach: (4 Mon.
511.)

It is necessary
in a sci. fa. on
a recognizance,
that the latter
appear on its
face to have
been taken be-
fore competent
authority. The
Court of Appeals
will take notice
that Justices of
the Peace have
such authority,
and will presume
that in taking re-
cognizances they
acted within
their authority:
(6 Mon. 43.)

Various objections are made to the *scire facias*. In the first place, it is contended, that it is defective in not concluding with the words, "against the peace and dignity of the Commonwealth of Kentucky." It is true these words are not contained in the conclusion of the *scire facias*, but are inserted in it immediately after the charge that the accused failed to appear according to the condition of his recognizance. And in the case of *Downing* vs *Commonwealth*, (4 *Monroe*, 511,) this is said to be the most appropriate place in a *scire facias* for this insertion.

In the next place, it is urged, that the *scire facias* should contain a direct averment that the recognizance recited was acknowledged before some persons authorized by law to take such acknowledgment. It must, no doubt, appear by the *scire facias* that the recognizance was acknowledged before persons having competent authority. In this case, it recites that the recognizance was entered into before two Justices of the Peace for the county of Bath. We are bound to notice the authority and jurisdiction conferred by law on Justices of the Peace. In criminal proceedings, it is their duty to admit the accused to bail, and to take his recognizance in bailable cases, for his appearance before the Circuit Court of the county on the first day of the next succeeding term. The legal presumption is, when a recognizance is taken by two Justices of the Peace, and transmitted by them to the Clerk of the Circuit Court, they have acted within the pale of their authority, and not exceeded the power the law has conferred upon them. *Commonwealth* vs *Kimberlain*, (6 *Monroe*, 43.)

But it is argued for the plaintiffs in error, that Justices of the Peace cannot, on a charge of murder, admit a prisoner to bail, and as the recognizance which is recited in the *scire facias*, shows that murder was the offence with which the accused was charged, it thereby appears that the persons before whom the recognizance was entered into, had no authority to take it, and consequently it is illegal and void.

It does not fol-
low because one
is charged with

This argument rests upon the erroneous supposition that murder being a capital offence, is not bailable in any case where the charge is preferred, for if bailable under

the act of 1809, (1 *Stat. Law*, 538,) two Justices of the Peace have authority and jurisdiction to admit to bail, and take recognizances in all bailable offences. The language of the constitution of this State, upon which this question depends, is, "that all prisoners shall be bailable, by sufficient securities, unless for capital offences, when the proof is evident or presumption great." On a charge of murder, therefore, the accused may be entitled to bail. He has a right to it when the proof of his guilt is not evident, nor the presumption great. The examining court has, therefore, when it has heard the evidence, to decide the question of the right of the prisoner to be admitted to bail. If a recognizance then be taken by two Justices of the Peace, the legal presumption is, until the contrary is made appear, that it was taken properly at a time when acting as an examining court, the law conferred on them power and jurisdiction for the purpose, .and that the offence recited in the recognizance, if capital, is of that character which entitled the prisoner to bail under the laws and constitution.

Wherefore, the judgment is affirmed.

*Peters* and *Hazlerigg* for plaintiffs; *Cates, Attorney General*, for Commonwealth.

> THOMAS
> *vs*
> SEE.
>
> murder, that he may not be admitted to bail. If the examining court shall think the proof is not. evident or presumption great, they may admit the accused to bail.